**EDUARDO M. MADRID, ESQ.** (State Bar No. 82395)
Email: Ed@madridlawfirm.com
**ERICA L. MADRID, ESQ.** (State Bar No. 229327)
Email: Erica@madridlawfirm.com
**MADRID LAW FIRM**
A Professional Law Corporation
12612 Central Avenue
Chino, California 91710

Telephone: (909) 628-0068
Facsimile:  (909) 628-0067

Attorney for Plaintiff, SENNETT DEVERMONT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENNETT DEVERMONT,<br><br>       Plaintiff,<br><br>   vs.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER, individually and in his official capacity as a sergeant with the County of Los Angeles and Los Angeles County Sheriff's Department.<br><br>       Defendants. | Case No.:  2:21-cv-7028<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; STATE CIVIL RIGHTS; FALSE ARREST; NEGLIGENCE; NEGLIGENT HIRING, TRAINING AND/OR RETENTION OF UNFIT EMPLOYEE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**[42 U.S.C. SECTION 1983]**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, SENNETT DEVERMONT, through his attorneys, Eduardo M. Madrid, Esq. and Erica L. Madrid, Esq., of the Madrid Law Firm, a Professional Law Corporation, and brings his complaint herein and alleges as follows:

## **THE PARTIES**

1. At all times herein mentioned, plaintiff was, and now is, a resident of the County of Los Angeles, State of California.

2. At all times herein mentioned, all individual public defendants named herein, and each of them, were residents of County of Los Angeles, State of California.

3. At all times herein mentioned, defendant, COUNTY OF LOS ANGLES, was, and is, a political subdivision and municipal government, duly organized and existing under the laws of the State of California and in doing all of the things hereinafter mentioned, acted under color of their authority as such, and under color of the statutes, regulations, customs, and usages of the State of California.

4. At all times herein mentioned, defendant, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, was and is a law enforcement agency created by and on behalf of the COUNTY OF LOS ANGELES, a municipal government, also named a defendant herein, to provide law enforcement services throughout the County of Los Angeles, pursuant to the laws of the State of California.   Pursuant to such authority and at all times herein mentioned, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and its officers, acted under color of their authority as such, and under color of the statutes, regulations, customs and usages of the State of California.

5. At all times herein mentioned, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER was a peace officer and/or police officer duly employed by the LOS

ANGELES COUNTY SHERIFF'S DEPARTMENT, County of Los Angeles, California and acted individually and under color of his authority and under color of law, to wit, the statutes, regulations, customs and usages of the State of California.

6. At all times herein mentioned, the defendants and each of them, were the agents and employees of their respective co-defendants, and in doing these things hereinafter alleged were acting within the course and scope of their agencies and with the permission and consent of their co-defendants, and at all times, acted individually and under color of authority.

## JURISDICTION AND VENUE

7. Plaintiff, SENNET DEVERMONT hereby repeats and repleads paragraphs 1 through 6 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

8. This Court has jurisdiction and venue pursuant to the following statutes:

   a. Plaintiff brings this action under 42 U.S.C § 1983, violations of due process of law under the 1st, 4th, 5th and 14th Amendments of the United States Constitution.

   b. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

   c. 28 U.S.C. §1343 (3) and (4), which gives the district court jurisdiction over actions to secure civil rights extended by the United States government;

    d.    28 U.S.C. § 1367, which gives the district court supplemental and ancillary jurisdiction over state law claims; and

    e.    This Court has concurrent jurisdiction pursuant to 28 U.S.C. §1343 and the case arises under 42 U.S.C. §1983 in that the Defendants, and each of them, while acting within the course and scope of their respective employment and acting under color of law violated the Civil Rights of the Plaintiff as will be hereinafter set forth.

9.    Venue is appropriate in this judicial district under 28 U.S.C. 1391(b) because the events that gave rise to this Complaint occurred in this district, to wit, City of Los Angeles, County of Los Angeles, State of California.

## GENERAL ALLEGATIONS

10.   Plaintiff, SENNETT DEVERMONT hereby repeats and repleads paragraphs 1 through 9 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

11.   On or about September 6, 2020, at the direction of Defendant, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER, unknown employees of Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT unlawfully and wrongfully accosted, detained, handcuffed and falsely and wrongfully arrested plaintiff without a warrant and without probable cause.

12.   At all times herein mentioned, the plaintiff had not committed any wrongdoing, violated any law and was acting in a law abiding manner.

13. Plaintiff at all times herein mentioned never presented a threat to defendants and each of them at all whatsoever.

14. As a further and proximate result, the plaintiff was wrongfully and unlawfully detained, handcuffed, falsely arrested and taken into custody.

15. At all times herein mentioned, the Defendants and each of them, were the agents and employees of their respective Co-Defendants, and in doing these things hereinafter alleged were acting within the course and scope of the agency and with the permission and consent of their Co-Defendants, and at all times, acted individually and under color of authority.

16. At all times herein mentioned, Defendants, COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, were vicariously liable for all tortious and unconstitutional acts of omission or commission of Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER, pursuant to California State law that directly and proximately caused the unlawful search and seizure, false imprisonment, unlawful detention and ensuing unlawful arrest of Plaintiff herein.

17. The COUNTY OF LOS ANGELES and the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT maintained an unconstitutional official policy on detaining and arresting private citizens absent probable cause.

18. Plaintiff further claims and alleges that the injuries and damages sustained were directly caused by the deliberate indifference, a custom and practice, of Defendants, the COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT in failing to provide adequate training to its police officers, including, but not limited to, Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER with regard to use of force, lawful detentions and arrests.

19. Plaintiff further claims that the Defendants, COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, directly and proximately caused the injuries and damages claimed by the Plaintiff by deliberate indifference towards the rights of the citizenry by hiring and retaining Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER, who had previously demonstrated a failure to follow constitutional policies with regard to probable cause, detentions and arrests, and other constitutional rights of the citizenry.

20. As a result of this unconstitutional unwritten policy, custom and practice, the defendants and each of them, Plaintiff was wrongfully and unlawfully, falsely imprisoned, handcuffed and unlawfully and wrongfully arrested without probable cause.

21. As a direct and proximate cause, Defendants, the COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, caused the injuries and damages of Plaintiff by their deliberate indifference of failing to provide adequate training to

Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER on probable cause, lawful use of force, and detentions and arrests.

22. Insofar as all the pendent state claims against Defendants, the COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER on or about March 4, 2021, a formal Claim for Damages for Plaintiff was presented to the County of Los Angeles pursuant to California Government Code §911.2 et. seq.

23. The County of Los Angeles failed to respond to the Claim for Damages and therefore the claim was deemed denied on April 19, 2021.

**FIRST CAUSE OF ACTION**
**(CIVIL RIGHTS)**
**42 U.S.C. 1983**
**[All Defendants]**

24. Plaintiff, SENNETT DEVERMONT, hereby repeats and repleads paragraphs 1 through 23 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

25. On or about September 6, 2020, the aforementioned Defendants, and each of them, while acting individually and under color of authority, wrongfully, intentionally, maliciously, wantonly, without probable cause or exigent circumstances and without a warrant wrongfully detained, handcuffed and arrested Plaintiff.

26. At all times herein mentioned, on or about September 6, 2020, Plaintiff SENNETT DEVERMONT was across the street from the Inglewood

Police Department located at 1310 West Imperial Highway, Inglewood, California.  His purpose for being there was to document the protest for the public to view via his social medial platform.  The protest was in regards to the police shooting of Dijon Kizzie.  Deputies of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT were attempting to disperse the crowd by shooting non-lethal projectiles including flashbang type devices.  Plaintiff was physically affected by the chemicals released and was making his way back to his vehicle to leave.  As he approached the location of his vehicle, there was a line of LOS ANGELES COUNTY SHERIFF'S DEPARTMENT deputies blocking access to his vehicle. Plaintiff explained to the deputies that his vehicle was parked behind the line of the deputies.  Plaintiff was instructed to stand by and wait.  He did so.  Shortly thereafter, the following conversation with Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER (hereinafter referred to as "Sgt. Muller") ensued:

**Sgt. Muller:**  Which one is your car?

**Plaintiff:**  The one behind you.

**Sgt. Muller:** The car right there?

**Plaintiff:** Yeah

**Sgt. Muller:** What's your name?

**Plaintiff:**  Does it matter?

**Sgt. Muller:** Okay, Okay, you need to leave the area.

**Plaintiff:**  My car is there.

**Sgt. Muller:** We told you to leave an hour ago, you didn't go. You can either walk that way right now or we're going to arrest. (Note: the other deputies were blocking access to Plaintiff's vehicle.)

**Plaintiff:** You were gonna let me leave if I told you my name?

**Sgt. Muller:** You failed the attitude test.  You are subject to arrest.

**Plaintiff:** That's a 1st Amendment right to not tell you my name. I just wanna go to my car.  I haven't done anything different. You told me to stand here.

**Sgt. Muller:** Arrest him.

27. At this point, more than ten (10) LOS ANGELES COUNTY SHERIFF'S DEPARTMENT deputies (names unknown) approached the Plaintiff, who was standing by himself in a law abiding manner, handcuffed and arrested him for violation of Penal Code § 409, even though the Plaintiff was attempting to leave in accordance with the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT's order to disperse, but for the deputies blocking access to his vehicle.

28. At all times herein mentioned, Plaintiff was in apprehension of an immediate battery and sustained fear as a result of the conduct of Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT'S deputies.

29. At all times herein mentioned, Plaintiff was innocent of any wrongdoing or crimes.

30. Plaintiff, having demonstrated no resistance and obeying all of the officer's verbal commands complied and was handcuffed without

further incident. Once Plaintiff was handcuffed, he was not free to leave and hence, was under arrest.

31. That the acts of the Defendants, and each of them, while acting under color of law, violated the Civil Rights of the Plaintiff to be free from unreasonable searches and seizures and denied Due Process of Law pursuant to the 4th Amendment of the United States Constitution made applicable to the states through the 14th Amendment of the United States Constitution.

32. Defendants and each of them, intentionally and with deliberate indifference to the federal constitutional rights of the Plaintiff forcibly illegally detained and arrested Plaintiff.

33. As a further and proximate result of this aforesaid wrongful and unlawful arrest, no criminal charges were filed against plaintiff.

34. Plaintiff, SENNETT DEVERMONT's constitutional rights for unlawful seizure and false imprisonment were violated by this unlawful arrest.

35. As a further and proximate result, Plaintiff was detained, handcuffed, arrested until he posted $5,000.00 bail and was released the following day. Plaintiff was wrongfully and unlawfully incarcerated for one day.

36. As a direct and proximate cause of the acts and omissions of Defendants, and each of them, Plaintiff suffered loss of liberty, sustained fear, apprehension of an immediate battery, wrongfully handcuffed (battery), humiliation, embarrassment, personal indignity, anxiety, emotional pain, confinement, mental anguish and suffering,

severe emotional distress, shock, degradation and sustained deprivation of his constitutional rights.

37. That the acts of the Defendants, and each of them, while acting under color of law, violated the Civil Rights of the Plaintiff to be free from unreasonable searches and seizures and denied Due Process of Law pursuant to the 4th Amendment of the United States Constitution made applicable to the states through the 14th Amendment of the United States Constitution and the California Constitution.

38. As a further direct and proximate result of the acts of Defendants, and each of them, Plaintiff is entitled an award of attorneys 'fees and costs pursuant to 42 U.S.C. § 1988.

39. As a further direct and proximate result, the acts of the Defendants, and each of them, were malicious, willful, and with the wrongful intent to injure the Plaintiff and in wanton disregard of the constitutional rights of the Plaintiff to be free from unlawful searches and seizures. By reason thereof, the Plaintiff is entitled to exemplary damages against Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER in a sum according to proof at the time of trial.

## SECOND CAUSE OF ACTION
### (STATE CIVIL RIGHTS)
### Civ.Code § 52.1
### [All Defendants]

40. Plaintiff SENNETT DEVERMONT, hereby repeats and repleads paragraphs 1 through 39 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

41. This State Civil Rights Cause of Action is being brought pursuant to California Civil Code Section 52.1, which enables and allows private citizens to sue for damages as a result of constitutional violations.

42. On or about September 6, 2020, the aforementioned Defendants, and each of them, while acting individually and under color of law and authority, wrongfully, maliciously, wantonly, brutally and viciously wrongfully and unlawfully handcuffed, detained, arrested and incarcerated Plaintiff.

43. The detention and arrest of the Plaintiff was wrongful and malicious in that Defendants, and each of them, knew that Plaintiff was innocent of any wrongdoing and had violated no law.

44. That as a further direct and proximate cause of the conduct of the Defendants, and each of them, Plaintiff, SENNETT DEVERMONT was wrongfully handcuffed, detained, arrested and incarcerated.

45. That the acts of the Defendants, and each of them, violated the Civil Rights of Plaintiff to be free from unreasonable searches and seizures and denied Due Process of Law pursuant to the California Constitution Article 1, Section 7 and 4th and 14th Amendments to the United States Constitution.

46. As a further and direct and proximate cause of the conduct of the Defendants, and each of them, Plaintiff suffered personal injuries, emotional distress, unlawful arrest, unlawful detention and being handcuffed and arrested subjecting Plaintiff to loss of liberty and emotional distress.

COMPLAINT FOR CIVIL RIGHTS

47. As a further direct and proximate result, the acts of the Defendants, and each of them, was malicious, willful and with the wrongful intent to injure the Plaintiff and in a wanton disregard of the constitutional rights of the Plaintiff to be free from unlawful searches and seizures. By reason thereof, the Plaintiff are entitled to attorneys' fees and costs according to proof.

48. As a further direct and proximate result, the acts of the Defendants, and each of them, were malicious, willful, and with the wrongful intent to injure the Plaintiff and in wanton disregard of the constitutional rights of the Plaintiff to be free from unlawful searches and seizures, the ensuing detention, arrest and incarceration. By reason thereof, the Plaintiff is entitled to exemplary damages against Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER in a sum according to proof.

### THIRD CAUSE OF ACTION
### (COMPLAINT FOR FALSE ARREST)
### [All Defendants]

49. Plaintiff SENNETT DEVERMONT hereby repeats and repleads paragraphs 1 through 48 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

50. Plaintiff brings this action against all Defendants pursuant to California Government Code §§ 815.2, 820 and California Penal Code §836.5.

51. Plaintiff alleges that the false arrest hereinafter plead was made without a warrant and absent reasonable, probable cause or exigent circumstances.

52. That on or about September 6, 2020, the aforesaid Defendants and each of them, seized the Plaintiff without a warrant, probable cause or exigent circumstances, while the Plaintiff was conducting himself in a peaceably and in a law-abiding manner.

53. As a direct and proximate result of the Defendants' conduct, Plaintiff was caused to be wrongfully and unlawfully detained and falsely arrested and incarcerated.

54. The aforesaid charges stemming from the arrest were unfounded as Plaintiff did not at any time commit any crime or offense stated by the Defendants.  The Plaintiff did not commit any act which would give the Defendants any reasonable cause or probable cause whatsoever to believe that the Plaintiff was guilty of any crime or wrongdoing or sufficient cause to effectuate a detention or arrest.  In making the aforesaid arrest of the Plaintiff as herein alleged, Defendants, and each of them, acted with deliberate malice and oppression.

55. That the Defendants, and each of them, acting concert, acted with malice and oppression to effectuate the arrest of the Plaintiff, notwithstanding, that the detention and ensuing wrongful arrest of the Plaintiff was unlawful and without probable cause.

56. As a proximate result of the aforesaid conduct of the Defendants, and each of them, Plaintiff suffered loss of liberty, emotional distress, degradation, embarrassment and humiliation and other damages to be proven at the time of trial.

COMPLAINT FOR CIVIL RIGHTS

57. As a further direct and proximate result, Plaintiff is entitled to exemplary and punitive damages against the Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER in an amount to be proven at the time of trial.

### FOURTH CAUSE OF ACTION
### (NEGLIGENCE)
### [All Defendants]

58. Plaintiff, SENNETT DEVERMONT hereby repeats and repleads paragraphs 1 through 57 of the above-referenced paragraphs and incorporate herein by reference as through fully set forth.

59. Defendants, and each of them, owed a duty of care to Plaintiff, as well as a statutory duty as law enforcement agencies and officers, to protect and serve the public and to prevent injury to others.

60. Defendants, and each of them breached this duty of care by failing to act with due care with regard to all duties owed by them to Plaintiff, proximately resulting in said injuries and damages and that such was a reasonably foreseeable consequence of aforesaid negligence.

61. Defendants, and each of them, were in a position of authority to prevent the wrongful assault and battery as well as Plaintiff's detention and arrest, and failed to do so. Said failure was in conscious and deliberate disregard of the civil rights of Plaintiff and for ensuing the injuries that Plaintiff would likely suffer as a result of the wrongful conduct.

62. Said negligence proximately caused the damages prayed for herein.

## FIFTH CAUSE OF ACTION
### (EMPLOYER'S NEGLIGENT HIRING, TRAINING, AND/OR RETENTION OF UNFIT EMPLOYEE)
#### [All Defendants Except Individual Defendants]

63. Plaintiff, SENNETT DEVERMONT, hereby repeats and repleads paragraphs 1 through 62 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

64. The COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT negligently hired and retained Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER, when it was known or should have been known by said Department and City that this officer had on prior occasions, demonstrated propensities in violation of the 4th Amendment rights on citizens.

65. Further, the detention and arrests of Plaintiff, SENNETT DEVERMONT was as a result of the failure of the COUNTY OF LOS ANGELES and the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT to adequately and sufficiently train Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER as to proper police practices on the 4th Amendment rights of the citizenry including, but not limited to the law on detention and arrests, probable cause and exigent circumstances.

66. Defendants and each of them, breached this duty of due care by failing to act with due care with regard to all duties owed by them to Plaintiff, proximately resulting in the aforesaid injuries and damages and that such was reasonably foreseeable consequence of aforesaid negligence.

67. Defendants, and each of them, were in a position of authority to prevent the aforesaid wrongful and unlawful conduct. Said failure was in conscious and deliberate disregard of the civil rights of each Plaintiff and for the ensuing injuries and damages that the Plaintiff suffered as a result therefrom.

68. Said negligence proximately caused the damages prayed for herein.

69. All the above-described intentional acts and omissions by the officers, employees, agents and representatives of the COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT were done with malice and with deliberate indifference to the rights, health, safety and welfare of the Plaintiff, SENNETT DEVERMONT and therefore warrants the imposition of punitive or exemplary damages against Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER.

## SIXTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### [All Defendants]

70. Plaintiff, SENNETT DEVERMONT, hereby repeats and repleads paragraphs 1 through 69 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

71. The conduct of the aforementioned Defendants, and each of them, was intentional and malicious and calculated for the purpose of causing Plaintiff to suffer physical injuries, humiliation, mental anguish and emotional and physical distress.  The Plaintiff has been injured in mind

and body, all to Plaintiff's damage in a sum to be ascertained at the time of trial.

72. The conduct of the aforementioned defendants, and each of them, was extreme and outrageous and beyond the bounds of that tolerated in a decent and civilized society.

73. The conduct of the aforementioned defendants and each of them, was with the intent of cause plaintiff extreme and severe emotional distress by having a cadre of deputies surround, detain, arrest and imprison an innocent man.

74. Ad a direct and proximate result of the foregoing, Plaintiff has been, and in the future will be required to obtain the services of physicians, psychiatrist, therapists, and medical care in a sum as shall be shown to the court upon the trial of this action.

75. The Defendants' alleged acts were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages as to Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT BRIAN MULLER.

## DAMAGES FOR ALL CAUSES OF ACTION

WHEREFORE, plaintiff, SENNETT DEVERMONT, prays for judgment against the Defendants and each of them as follows:

1. For all general damages according to proof;

2. For all special damages according to proof;

3. Loss of earnings and earning capacity according to proof;

4. Attorneys' fees according to proof;

5. Investigation costs;

COMPLAINT FOR CIVIL RIGHTS

6.    Costs of suit incurred herein; and

7.    All further and proper relief;

8.    For exemplary and punitive damages against Defendant LOS
ANGELES COUNTY SHERIFF'S DEPARTMENT SERGEANT
BRIAN MULLER in an amount according to proof;

9.    For any other available relief as the court may deem just and proper.

Dated: August 30, 2021



MADRID LAW FIRM
A Professional Law Corporation

By: _____

EDUARDO M. MADRID, ESQ.
Attorney for Plaintiff
SENNETT DEVERMONT

**DEMAND FOR JURY TRIAL**

Dated:  August 30, 2021



MADRID LAW FIRM
A Professional Law Corporation

By: _____

EDUARDO M. MADRID, ESQ.
Attorney for Plaintiff
SENNETT DEVERMONT

–19–